# In the
# United States Court of Appeals
## For the Seventh Circuit

_____

No. 05-2649

MARJORIE H. HOFSLIEN,

*Plaintiff-Appellant*,

*v.*

JO ANNE B. BARNHART, Commissioner
of Social Security,

*Defendant-Appellee*.

_____

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 04-C-822-S—**John C. Shabaz**, *Judge*.

_____

ARGUED JANUARY 25, 2006—DECIDED MARCH 1, 2006

_____

Before POSNER, MANION, and WOOD, *Circuit Judges*.

POSNER, *Circuit Judge*. Marjorie Hofslien appeals from the
district court's refusal to disturb the decision by an adminis-
trative law judge denying her application for social security
disability benefits. Her principal ground of appeal is that
the administrative law judge misapplied the "treating
physician" rule; her other grounds are of no general signifi-
cance and are disposed of in an unpublished order that we
are issuing together with this opinion.

Hofslien complains that she is totally disabled by reason of severe depression. At her disability hearing she presented treatment notes by the psychiatrist who treats her depression, along with a summary assessment of her ability (or rather inability) to work. The notes and the assessment if taken at face value would go far to establish that she is indeed totally disabled. The administrative law judge, however, refused to give them controlling weight because they were inconsistent with other medical evidence, albeit from physicians who had not treated or even examined her. Hofslien contends that in doing this the administrative law judge violated the "treating physician" rule.

This rule, now codified in social security regulations, 20 C.F.R. § 404.1527(d)(2), has been around a long time and is cited and discussed in innumerable cases. E.g., *Black & Decker Disability Plan*, 538 U.S. 822, 829 (2003); *White v. Barnhart*, 415 F.3d 654, 658 (7th Cir. 2005); *Hackett v. Barnhart*, 395 F.3d 1168, 1173-74 (10th Cir. 2005); *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004) (per curiam). Its meaning and utility, however, are uncertain. It seems to take back with one hand what it gives with the other, and as a result to provide little in the way of guidance to either administrative law judges or counsel. It is time that the Social Security Administration reexamined the rule.

The rule directs the administrative law judge to give controlling weight to the medical opinion of a treating physician if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence." Obviously if it is well supported and there is no contradictory evidence, there is no basis on which the administrative law judge, who is not a physician, could refuse to accept it. Equally obviously, once well-supported contradicting

evidence is introduced, the treating physician's evidence is no longer entitled to controlling weight.

Where does that leave the administrative law judge? There are two possibilities. One is that, by analogy to presumptions that disappear when evidence in opposition to the presumed fact is introduced ("bursting bubble" presumptions, *Gacy v. Welborn*, 994 F.2d 305, 313 (7th Cir. 1993); *Costa v. Desert Palace, Inc.*, 299 F.3d 838, 855 n. 6 (9th Cir. 2002); *Lepre v. Department of Labor*, 273 F.3d 59, 69 (D.C. Cir. 2001)), the rule drops out and the treating physician's evidence is just one more piece of evidence for the administrative law judge to weigh. Another possibility is that his evidence retains a tiebreaker role: if the treating physician's evidence and the contrary evidence are in equipoise, his view prevails. The first seems the more plausible interpretation, as well as being more consistent with the case law; we have found no cases that adopt the equipoise interpretation.

The rule goes on to list various factors that the administrative law judge should consider, such as how often the treating physician has examined the claimant, whether the physician is a specialist in the condition claimed to be disabling, and so forth. The checklist is designed to help the administrative law judge decide how much weight to give the treating physician's evidence. When he has decided how much weight to give it, there seems no room for him to attach a presumptive weight to it.

The advantage that a treating physician has over other physicians whose reports might figure in a disability case is that he has spent more time with the claimant. The other physicians whose reports or other evidence are presented to the administrative law judge might never even have examined the claimant (that was true here), but instead have based their evidence solely on a review of hospital or other

medical records. But the fact that the claimant is the treating physician's patient also detracts from the weight of that physician's testimony, since, as is well known, many physicians (including those most likely to attract patients who are thinking of seeking disability benefits) will often bend over backwards to assist a patient in obtaining benefits. *Black & Decker Disability Plan*, *supra*, 538 U.S. at 832; *Hawkins v. First Union Corp. Long-Term Disability Plan*, 326 F.3d 914, 917 (7th Cir. 2003), and cases cited there. Moreover, though not in this case, the treating physician is often not a specialist in the patient's ailments, as the other physicians who give evidence in a disability case usually are.

So the weight properly to be given to testimony or other evidence of a treating physician depends on circumstances. As explained in the accompanying order, the administrative law judge was justified in giving greater weight to the medical evidence that contradicted the treating physician's evidence than to his evidence.

AFFIRMED.

A true Copy:

    Teste:

                        _____
                        *Clerk of the United States Court of*
                        *Appeals for the Seventh Circuit*