08-5544-cv
Gunter v. Commissioner of Social Security

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of January, two thousand and ten.

PRESENT:
> GUIDO CALABRESI,
> ROSEMARY S. POOLER,
> > *Circuit Judges*,
> LAWRENCE E. KAHN,*
> > *District Judge*.

———————————————————————————

Joseph L. Gunter,

> *Plaintiff-Appellant*,

> v.                                                                No. 08-5544-cv

Commissioner of Social Security,

> *Defendant-Appellee.*

———————————————————————————

For Appellant:                     JOSEPH L. GUNTER, *pro se*,
                                   Bronx, N.Y.


For Appellee:                      LESLIE A. RAMIREZ-FISHER,
                                   Assistant United States Attorney, of
                                   counsel to Lev L. Dassin, Acting

_____

*Lawrence E. Kahn, Senior Judge of the United States District Court for the Northern District of New York, sitting by designation.

United States Attorney for the Southern District of New York (Ross E. Morrison, Assistant United States Attorney, *on the brief*).

Appeal from a judgment of the United States District Court for the Southern District of New York (Cote, J.). **UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **REVERSED** and the case be **REMANDED** to the district court with instructions to remand to the Commissioner of Social Security ("Commissioner") for further proceedings.

Plaintiff Joseph L. Gunter, pro se, appeals the district court's grant of the Commissioner's motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure, which upheld the Commissioner's denial of plaintiff's application for disability insurance benefits. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Because our review of the district court's decision granting defendant's motion to dismiss is de novo, we review the Commissioner's determination directly. See Schaal v. Apfel, 134 F.3d 496, 501 (2d Cir. 1998) (noting focus of review is on the administrative ruling, not the district court's decision). We review the Commissioner's determination for substantial evidence, setting the determination aside only if it was based on an incorrect legal standard, or if it is not supported by evidence that a reasonable mind might accept as adequate to support the conclusion. See Richardson v. Perales, 402 U.S. 389, 401 (1971); Burgess v. Astrue, 537 F.3d 117, 127 (2d Cir. 2008).

It is well-settled that an ALJ cannot substitute her own judgment for that of a medical professional. E.g., Green-Younger v. Barnhart, 335 F.3d 99, 106 (2d Cir. 2003). Further, while genuine conflicts in the medical evidence are for the ALJ to resolve, Burgess, 537 F.3d at 128, the so-called "treating physician rule" directs the ALJ to give controlling weight to the opinion of the treating physician so long as it is consistent with the other substantial evidence, see Black & Decker Disability Plan v. Nord, 538 U.S. 822, 829 (2003); Halloran v. Barnhart, 362 F.3d 28, 32 (2d Cir. 2004); 20 C.F.R. § 404.1527(d)(2).[1] Before an ALJ may elect to discredit the medical conclusions of a treating physician, she must explicitly consider (1) the frequency of examination

---

[1] Judge Posner has expressed puzzlement over this rule: "Obviously if it is well supported and there is no contradictory evidence, there is no basis on which the administrative law judge, who is not a physician, could refuse to accept it. Equally obviously, once well-supported contradicting evidence is introduced, the treating physician's evidence is no longer entitled to controlling weight." Hofslien v. Barnhart, 439 F.3d 375, 376 (7th Cir. 2006). We need not decide here whether the rule functions, as Judge Posner concludes, as a "disappearing presumption," id. at 377, as a "tiebreaker," or as some third possibility. What is relevant for our purposes is that the rule imposes on the Commissioner a heightened duty of explanation when a treating physician's medical opinion is discredited.

and length, nature, and extent of the treatment relationship, (2) the evidence in support of the physician's opinion, (3) the consistency of the opinion with the record as a whole, (4) whether the opinion is from a specialist, and (5) whatever other factors tend to support or contradict the opinion. Id. We do not hesitate to remand when the Commissioner has not given good reasons for the weight given to a treating physician's opinion. Halloran, 362 F.3d at 32.

In the present case, the ALJ erred in failing adequately to explain his determination not to credit the opinion of Dr. Bernard Nidus, plaintiff's treating physician. Dr. Nidus concluded that plaintiff could not sustain fine and gross movement, and could sit only for two hours out of an eight-hour work day.[2] In explaining its determination not to credit Dr. Nidus's opinion, the ALJ noted that he gave "controlling weight to the opinion of Dr. Nidus insofar as it is consistent with the substantial evidence of record," but went on to say that he gave

> little weight to his opinion that the claimant can only sit for an aggregate of two hours in an eight hour workday . . . because it is not consistent with the substantial evidence of record. Significant weight is assigned to the opinions of the state agency consultants and Dr. Seo because they are consistent with the substantial evidence of record.

These remarks fall far short of the ALJ's duty to provide "good reasons" for rejecting a treating physician's opinion. 20 C.F.R. § 404.1527(d)(2). As best we can determine, the ALJ refused to credit Dr. Nidus's opinion because various non-examining doctors came to a different conclusion. The ALJ is, of course, entitled to credit the opinions of consulting physicians. However, while contradictions in the medical record are for the ALJ to resolve, Burgess, 537 F.3d at 128, they cannot be resolved arbitrarily, Green-Younger, 335 F.3d at 106. Here, the ALJ's incantatory repetition of the words "substantial evidence" gives us no indication at all of why he chose to credit the opinions of the consulting physicians over that of Dr. Nidus.

Indeed, the ALJ's determination to credit the consulting physicians as if they spoke with a unified voice appears to be factually as well as legally problematic. Although the ALJ found that the consulting doctors' opinions were "consistent with the substantial evidence of record," the record reveals that these opinions did not corroborate one another. Whereas Dr. Seo stated that plaintiff's abilities in bending, lifting, and carrying were "slightly limited," the agency consultant claimed that plaintiff's limitations were "severe," albeit "not to the degree alleged." The consulting doctors were also not consistent in their assessment of plaintiff's knee injuries, as Dr. Seo reported only a right knee derangement, whereas Dr. Wells reported a left knee medial meniscus tear.

---

[2] As the government notes, Dr. Nidus expressed this opinion on an "Arthritis Impairment Questionnaire" that had been provided to him by plaintiff's then-attorney. However, "the mere fact that a medical report is provided at the request of counsel or, more broadly, the purpose for which an opinion is provided, is not a legitimate basis for evaluating the reliability of a report." Reddick v. Chater, 157 F.3d 715, 726 (9th Cir. 1998). Further, we note that Dr. Nidus's opinion appears to be consistent with contemporaneous treatment notes that are contained elsewhere in the record.

The record also reveals that Dr. Wells, a non-examining physician, made his assessment without reviewing the complete record of Gunter's medical history, which revealed medial meniscus tears in both of Gunter's knees.  Consideration of Gunter's entire medical records might have altered Dr. Wells's conclusions.  E.g., Hidalgo v. Bowen, 822 F.2d 294, 298 (2d Cir. 1987) (holding that Commissioner's evidence was not sufficiently substantial to override the treating physician's assessment of the plaintiff's abilities, where consulting doctor did not review the complete medical records of the plaintiff, which records confirmed the treating physician's diagnosis).

Accordingly, for the foregoing reasons, the judgment of the district court is hereby REVERSED and the case is REMANDED to the district court with instructions to remand to the Commissioner for further proceedings consistent with this opinion.  It is further ORDERED, sua sponte, that counsel is APPOINTED from this Court's pro bono panel.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk


By: _____